J-S28013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 1473 MDA 2017 |

Appeal from the PCRA Order August 31, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002942-2012,
CP-22-CR-0002962-2012

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED JULY 20, 2018**

Appellant, Josue Figueroa, appeals from the order entered on August 31, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On August 7, 2013, a jury convicted Appellant of second-degree murder, robbery, criminal conspiracy to commit robbery, and false reports to law enforcement authorities. The trial court sentenced Appellant to life imprisonment for second-degree murder, with concurrent terms of imprisonment for the remaining convictions. Appellant filed a timely notice of appeal, but counsel did not file a timely docketing statement and the appeal was dismissed. Appellant subsequently filed a timely *pro se* PCRA petition alleging that appellate counsel was ineffective for allowing the dismissal of his

direct appeal. On September 2, 2014, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. This Court affirmed Appellant's judgment of sentence on June 25, 2015. ***Commonwealth v. Figueroa***, 2015 WL 6957262 (Pa. Super. 2015) (unpublished memorandum). The Pennsylvania Supreme Court denied further review on September 27, 2016.

Appellant filed a timely *pro se* PCRA petition on May 25, 2017. The PCRA court appointed counsel to represent Appellant. On June 26, 2017, Appellant filed a *pro se* motion for a change of counsel. On July 12, 2017, appointed PCRA counsel filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and requested to withdraw from representation. On July 24, 2017, the PCRA court issued an order granting PCRA counsel's request to withdraw and gave Appellant notice of the PCRA court's intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On that same date, the PCRA court also filed a memorandum reviewing each of the claims as set forth in Appellant's PCRA petition and counsel's ***Turner***/***Finley*** no-merit letter. Appellant did not respond. The PCRA court entered an order on August 31, 2017, dismissing Appellant's PCRA petition. This timely appeal resulted.[1]

---

[1] Appellant filed a *pro se* notice of appeal on September 20, 2017. On September 22, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 6, 2017.

Appellant presents the following issues, *pro se*, for our review:

1. Whether the PCRA court erred when it accepted [PCRA counsel's] motion to withdraw when the attorney failed to provide the legal services as required pursuant to **Turner**/**Finley**[?]

2. Whether the PCRA court erred in dismissing meritorious issues[?]

3. Whether it was error of the court to consider the PCRA petition as a second petition and dismissed the petition as a second petition[?]

Appellant's Brief at 2.

Our standard of review is as follows:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012).

We will address Appellant's third claim first. Appellant claims that the PCRA court erred by classifying his most recent PCRA petition as his second petition. Appellant's Brief at 14-15. On this issue, the PCRA court noted that it should not have referred to the instant PCRA petition as Appellant's second (because a prior filing led to the reinstatement of Appellant's direct appeal rights *nunc pro tunc*); however, because counsel was appointed as mandated for a first PCRA petition, the issue was moot. PCRA Opinion, 11/6/2017, at 5. Upon review, we agree with that assessment. **See Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011) (PCRA petition filed after

- 3 -

petitioner's reinstated direct appeal, is considered his first PCRA petition rather than his second PCRA petition, for purposes of rule that a first-time PCRA petitioner had a right to counsel); *see also* Pa.R.Crim.P. 904(c) ("[T]he judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction relief.")  Here, the PCRA court appointed PCRA counsel as required.  Thus, Appellant's third issue lacks merit.

Appellant's first two issues are interrelated, so we will examine them together.  In his first issue, Appellant contends that the PCRA court erred by allowing PCRA counsel to withdraw under *Turner*/*Finley*.  Appellant's Brief at 8-12.  Appellant argues that PCRA counsel never consulted with him prior to seeking withdrawal.  He also complains that his PCRA petition was prepared "inartfully" by another inmate and suggests that PCRA counsel should not have relied upon it in conducting her assessment under *Turner*/*Finley*.  *Id.* at 10. In his second issue presented, Appellant claims that the PCRA court erred in accepting PCRA counsel's no-merit letter pursuant to *Turner*/*Finley*, because he presented meritorious issues.  *Id.* at 12-14.   Appellant then rehashes the issues raised in his PCRA petition and claims they have merit.  *Id.*   More specifically, Appellant claims that trial counsel was ineffective[2] for failing to

_____

[2]    Counsel is presumed to be effective.  To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings

sever this matter from his co-defendant's trial and for failing to request a directed verdict because there was no evidence of a conspiracy. *Id.* at 12-13. Appellant also claims that trial counsel failed to highlight at trial that Appellant took the victim to the hospital and that co-defendant had a motive to shoot the victim. *Id.* Appellant does not identify potentially meritorious issues that PCRA counsel failed to present, but were worthy of review.

*Turner/Finley* counsel must review a case zealously before submitting a "no-merit" letter to the PCRA court that details the nature and extent of counsel's diligent review of the case, lists the issues which the petitioner wants to have reviewed, explains why and how those issues lack merit, and requests permission to withdraw. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted). Upon review, PCRA counsel complied with these requirements. PCRA counsel listed each of the issues presented in Appellant's PCRA petition and concluded that none were meritorious because there was ample proof that Appellant conspired to rob the victim with his co-defendant and, therefore, he was liable for co-defendant's act of shooting, and ultimately killing, the victim. *Turner*/*Finley* No-Merit Letter, at ¶ 32. Regarding severance, PCRA counsel pointed out that Appellant and his co-conspirator were charged, *inter alia*, with

---

would have been different. *Commonwealth v. Pier*, 182 A.3d 476, 478 (Pa. Super. 2018) (internal citations and quotations omitted).

conspiracy, and the conspiracy originated from the same course of events and required the same witnesses and evidence. *Id.* at ¶¶ 37-48.

The PCRA court agreed with PCRA counsel's assessment that there was no merit to Appellant's current collateral contentions because Appellant was charged with, and convicted of, conspiracy. The PCRA court found severance inapplicable because "the co-defendants were charged with conspiracy and were clearly alleged to have participated in the same act." PCRA Opinion, 7/24/2017, at 6. Moreover, the PCRA court recognized that on direct appeal, this Court "indicated there was sufficient evidence to prove [Appellant] conspired with the co-defendant to rob the victim, thus [Appellant] is liable for all of co-defendant's actions as well." *Id.* As such, the PCRA court determined that Appellant failed to prove there was arguable merit to his ineffective assistance of counsel claims.

Upon review, we agree. On direct appeal, a panel of this Court determined:

> In this case, both men admitted to planning to commit the crime of robbery. They planned to rob the victim of his drugs. Further, they called the victim, set up the "buy" and then in fact took the drugs without paying. They then threatened the victim with the gun and ultimately shot him.

*Commonwealth v. Figueroa*, 2015 WL 6957262, at *15 (Pa. Super. 2015) (unpublished memorandum). Moreover, the panel further opined:

> There was substantial testimony that Appellant and [co-defendant] were robbing the victim at the time he was killed. In fact, both Appellant and [co-defendant] admitted that robbing the victim was the original plan. Contrary to Appellant's belief,

Appellant and [co-defendant] did not need to intend to kill the victim, the fact is, the victim was killed during the perpetration of a felony—that is during the robbery. As an accomplice in the robbery, Appellant is liable for the murder of the victim.

*Id.*

All of Appellant's current contentions of trial counsel ineffectiveness ignore the fact that he was convicted of conspiracy. Moreover, while Appellant complains that his PCRA petition was drafted by someone else, he does not specify additional issues that PCRA counsel failed to include or independently raise. Because PCRA counsel followed the proper procedure under *Turner*/*Finley* and there was no merit to any of Appellant's issues, the PCRA court properly granted PCRA counsel permission to withdraw from representation and dismissed the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018